**MONTELLO OIL CORP.**

v.

**MARIN MOTOR OIL, INC., et al.**

**Misc. No. 82–267.**

United States District Court, D. New Jersey.

Jan. 11, 1983.

Stein, Joseph & Rosen by Judith Joseph, Fort Lee, N.J., Ring & Rudnick by Leslie H. Rudnick, Boston, Mass., for Montello Oil Corp.

Mattson, Madden & Polito by Andrew S. Polito, Newark, N.J., for Cities Service Co.

## OPINION

CLARKSON S. FISHER, Chief Judge.

Defendant Cities Service Co. (CSC) has moved for leave to appeal an interlocutory order of the United States Bankruptcy Court. That order denied CSC's motion for summary judgment dismissing plaintiff, Montello Oil Corp.'s, claims against it. For the reasons outlined herein, defendant CSC's motion is granted.

The controversy in this case arises from a contract between plaintiff and defendant Marin Motor Oil, Inc. (Marin) for the sale of 25,000 gallons of leaded gasoline. Under the terms of their agreement Marin, on April 10, 1981, nominated Barge B–100 to take delivery of this gasoline, and plaintiff made it available to Marin on that date at G.A.T.X. Terminal in Carteret, New Jersey. The barge was then transported to CSC's Linden, New Jersey, terminal and the gasoline deposited there for Marin's account pursuant to a previous agreement between CSC and Marin.

Marin failed to make its required April 13, 1981, payment to plaintiff for the gasoline in question. On April 22, 1981, plaintiff sent a telex message to Marin demanding return and reclamation of that gasoline pursuant to section 546 of the Bankruptcy Code and section 2–702 of the Uniform Commercial Code. Plaintiff did not at any time make a written demand upon CSC for return and reclamation of this gasoline.

On April 21, 1981, Marin filed a voluntary petition for bankruptcy under chapter 11 of the United States Bankruptcy Code in the United States District Court for the District of New Jersey. Three days later, plaintiff instituted an adversary complaint against Marin, and in its amended complaint named CSC as a defendant seeking

an order directing Defendant, Cities Service Company, to turn over to the Plaintiff the property described in Exhibit "A" annexed hereto, or the proceeds thereof, or to grant the claim of the Plaintiff a priority as an administrative expense, or to secure the Plaintiff and for such other and further relief as is just.

(Amended Complaint p. 3).

In March of 1982, plaintiff moved for summary judgment against Marin, CSC and David P. Michaels (Marin's Trustee in Bankruptcy), and the Trustee and CSC filed cross-motions seeking dismissal of plaintiff's complaint against them. These motions were consolidated and argued before the Honorable D. Joseph DeVito. Judge DeVito found in his October 5, 1982, opinion that Marin's "receipt" of the goods in question took place on April 11, 1981, "when [CSC] received the gasoline for and on behalf of Marin at the designated place of final delivery." (Judge DeVito's Opinion p. 2). He further ruled that plaintiff had not made the written demand for reclamation upon Marin required by section 546(c)(1) of the Bankruptcy Code until after the passing of the statutory ten-day period after receipt of the goods and ruled that "[a]ccordingly,

its reclamation claim must fail." (Judge DeVito's Opinion pp. 3–4). Based upon these findings, Judge DeVito ruled that "summary judgment is granted in favor of the trustee. All other motions for summary judgment are denied." (Judge DeVito's Opinion p. 4).

Plaintiff's only claim against CSC is for reclamation, and there is no question that plaintiff never served a written demand for reclamation upon CSC. Given Judge DeVito's findings of facts and law, it is at the least uncertain why CSC's motion for summary judgment was denied. Plaintiff has filed its own notice of appeal to this court from the bankruptcy court order. Rule 42(a) of the Federal Rules of Civil Procedure provides

> Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

It is appropriate, given this standard, that CSC have its claims consolidated with the issues which form the subject matter of plaintiff's appeal. Defendant CSC's application for leave to appeal the bankruptcy court order is granted and this matter shall be consolidated with the issues forming the subject matter of plaintiff's notice of appeal. Defendant CSC will submit an order. No costs.